UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PHELICIA TANNER,

        Plaintiff,

 -against-               1:15-cv-0098 (LEK/CFH)

HEATH GRAPHICS LLC, *et al.*,

        Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

Plaintiff Phelecia Tanner ("Plaintiff") commenced this product liability action on January 27, 2015, against Defendants Heath Graphics LLC ("Heath Graphics")[1] and Mabeg Systems GmbH ("Mabeg") for personal injuries she incurred when her thumb was amputated by a printing device allegedly manufactured by Defendants. Dkt. No. 1 ("Complaint"). Heath Graphics filed an Answer to the Complaint and asserted a cross-claim for indemnification from Mabeg. Dkt. No. 15 ("Answer"). Presently before the Court is Mabeg's ("Defendant") Motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Dkt. Nos. 19 ("Motion"); 19-3 ("Memorandum"). Plaintiff opposed the Motion and Defendant filed a Reply. Dkt. Nos. 30 ("Response"); 36-1 ("Reply"). For the following reasons, Defendant's Motion is denied without prejudice and Plaintiff is granted the opportunity to conduct jurisdictional discovery as to the sufficiency of Mabeg's contacts with New York.

---

[1] Plaintiff asserts that Heath Graphics is also known as Heath Custom Press. Compl. ¶ 7.

## II. BACKGROUND[2]

Plaintiff is a resident of Corinth, New York. Compl. ¶ 1. Heath Graphics is a corporation organized under the laws of the State of Washington, which maintains its principal place of business in King County, Washington. Id. ¶¶ 6, 8. Mabeg is a foreign corporation which is organized under the laws of Germany and maintains its principal and sole place of business in Mörfelden-Walldorf, Germany. Id. ¶¶ 16-17; see also Dkt. No. 19-2 ("Grübel Affidavit") ¶ 2.[3] Plaintiff asserts that both Defendants were authorized to and did conduct and transact business within the State of New York. Compl. ¶¶ 9-10, 18-19.

Plaintiff was employed at Web/Graphics/Amsterdam Printing ("Web Graphics"), located in Queensbury, New York. Id. ¶ 38. On January 30, 2012, Plaintiff was injured while working with a Heath Sheet-fed Microcheck Press, which is a device used to print checks in industrial settings. Id. ¶¶ 35, 39, 41. Plaintiff was attempting to adjust the device's air pressure using an air valve located on the device when her left thumb became caught in a moving part of the device. Id. ¶¶ 40-41. As a result of the injury, Plaintiff's left thumb had to be amputated and she also suffered disfigurement, nerve damage, and Complex Regional Pain Syndrome. Id. ¶ 48.

Heath Graphics designs, develops, and manufactures the Heath Sheet-fed Microcheck Press. Id. ¶¶ 26-29. Heath Graphics is also responsible for the assembly, inspection, repair, distribution,

---

[2] Because this matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the allegations of the Complaint are accepted as true. See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir. 1993) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." (quoting Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990) (per curiam))).

[3] Mabeg submitted the Affidavit of Michael Grübel ("Grübel") in support of its Motion. Grübel Aff. Grübel is Mabeg's Chief Financial Officer. Id. ¶ 1.

and sale of its machines. Id. ¶¶ 30-34. Plaintiff alleges that Heath Graphics sold a Heath Sheet-fed Microcheck Press to Web Graphics. Id. ¶¶ 37-38.

Mabeg is a German corporation that operates in the "planning, design, manufacture and sale of machinery, components and equipment, in particular for the graphic industry and the general mechanical and plant engineering." Grübel Aff., Ex. A. Plaintiff alleges that Mabeg designed, engineered, developed, manufactured, assembled, inspected, repaired, distributed, and/or sold the Heath Sheet-fed Microcheck Press and/or some component parts thereof. Compl. ¶ 136. In support of this assertion, Plaintiff submits a photograph of the identification plate adhered to the printing press that caused Plaintiff's injuries, which shows that the machine was manufactured by Mabeg Maschinenbau GmbH & Co. KG. Dkt. No. 29-23. Plaintiff contends that Mabeg sold, supplied, and/or provided the Heath Sheet-fed Microcheck Press and/or some of its component parts to Heath Graphics, which then sold the device to Web Graphics. Compl. ¶ 138.

Mabeg was founded on February 25, 2010. Grübel Aff. ¶ 3. Mabeg contends that it has never delivered or sold a Microcheck Press or a similar product to Heath Graphics in the State of Washington or to any other state in the United States. Id. ¶ 6. Mabeg contends that it is impossible for Mabeg to have manufactured the device at issue in this case or its component parts because Mabeg was not in existence at the time when the machine would have had to have been manufactured prior to Plaintiff's injury. Id. ¶ 7.

Grübel asserts that he is aware of another company that manufactured sheet feeders "identical to the product described in the Complaint" called "Mabeg Maschinenbau GmbH & Co.KG," which was dissolved after undergoing bankruptcy proceedings in Germany several years ago. Id. ¶¶ 8-9. He contends that although Mabeg has used "the historically valuable name

3

'Mabeg'" since 2010, it has not assumed by contract or otherwise the liabilities of Mabeg Maschinenbau GmbH & Co.KG or any other company. Id. ¶ 10.

Grübel states that Mabeg has never been incorporated or authorized to do business in the State of New York, nor has it sought the privilege of doing so. Id. ¶¶ 11-12. Mabeg does not maintain any offices, warehouses, or places of business, nor does it lease, rent, or control any real estate in New York. Id. ¶¶ 13, 25. Mabeg does not employ any officers or agents in New York. Id. ¶ 14. Grübel further states that Mabeg does not solicit business, advertise, or otherwise participate in the sale, purchase, distribution, resale, or service of any goods in New York State. Id. ¶¶ 15-17. Mabeg has never contracted with any New York entity to complete any work or project in New York. Id. ¶ 18. Additionally, Mabeg does not have a mailing address, telephone listing, or bank account in New York, nor has it ever paid any taxes in New York. Id. ¶¶ 20-21, 23-24.

### III. LEGAL STANDARD

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). When ruling on a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, a court is not limited to considering "the four corners of the complaint." Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 225 (S.D.N.Y. 2013). "[T]he Court may also rely on submitted affidavits and other supporting materials submitted in relation to the motion." Id. Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a *prima facie* showing of personal jurisdiction over a defendant. Grand River Enters. Six Nations, Ltd. v.

Pryor, 425 F.3d 158, 165 (2d Cir. 2005); Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (citation omitted). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998). While a court should assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), it should "not draw 'argumentative inferences' in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

## IV. DISCUSSION

### A. Personal Jurisdiction

In determining whether the Court may exercise personal jurisdiction, the Court must engage in a two-part inquiry. "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life, 84 F.3d at 567; see also Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). New York law provides two bases for personal jurisdiction: (1) New York Civil Practice Law and

5

Rules ("C.P.L.R.") § 301, which authorizes general jurisdiction, and (2) C.P.L.R. § 302(a), which authorizes long-arm jurisdiction.

Defendant argues that Plaintiff has failed to establish personal jurisdiction over it under either C.P.L.R. § 301 or § 302(a), and furthermore, that subjecting it to personal jurisdiction in New York would be inconsistent with due process. Mem. at 4-5.[4] Plaintiff asserts that § 302(a)(1) and § 302(a)(3)(ii) provide a basis for personal jurisdiction. Resp. at 8-9. The Court finds that Plaintiff has failed to establish that jurisdiction under either provision is appropriate. However, the Court finds that Plaintiff has made a sufficient start towards establishing jurisdiction and therefore may conduct limited jurisdictional discovery.

*1. C.P.L.R. § 302(a)(1)*

Section 302(a)(1) provides personal jurisdiction over any non-resident who "transacts any business within the state or contracts anywhere to supply goods or services in the state." C.P.L.R. § 302(a)(1). "Thus, jurisdiction is proper under section 302(a)(1) when: (1) the defendant has transacted business in New York; and (2) the cause of action arises out the subject matter of the transacted business." Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 387 (S.D.N.Y. 2006). A nonresident transacts business when they have "purposely availed [themselves] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 787 (2d Cir. 1999) (quoting Parke-Bernet Galleries v. Franklyn, 26 N.Y.2d 13, 16 (N.Y. 1970)). "A

---

[4] Defendant additionally suggests that the machine that injured Plaintiff was manufactured by a predecessor company called Mabeg Maschinenbau GmbH & Co.KG. See Grübel Aff. ¶¶ 7-10. However, Defendant does not raise the issue of successor liability in its Motion. See Mem. Accordingly, the Court assumes, without deciding, for the purposes of the present Motion that Defendant assumed the liability of its predecessor.

6

claim 'arises out of' a defendant's transaction of business in New York 'when there exists 'a substantial nexus' between the business transacted and the cause of action sued upon.'" Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996).

Here, Plaintiff asserts that Defendant has transacted business in New York through its relationship with Heath Graphics. Resp. at 13-14. Plaintiff contends that Defendant contracted with Heath Graphics to distribute its products throughout the United States, including New York. Id. Plaintiff's allegations are insufficient to show that Defendant purposefully availed itself of the privilege of conducting business in New York. Under the Supreme Court's decision in J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780 (2011), "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum." 131 S. Ct. at 2788. Plaintiff has not alleged any facts regarding Defendant's relationship with Heath Graphics, a Washington State company, that suggest intent to target the New York market. In response to Defendant's Motion, Plaintiff produces evidence of additional distribution relationships between Mabeg and other United States–based distributors. Dkt. No. 29-7 ("Alio Affidavit") ¶ 14;[5] see also Dkt. Nos. 29-12 to 29-21. However, none of these other distribution relationships indicate that Defendant targeted the New York market.[6]

Apart from Defendant's relationship with Heath Graphics and other United States–based distributors, Plaintiff does not allege any facts to suggest that Defendant transacted business in New York state or contracted elsewhere to supply goods or services in the state. Furthermore, the Grübel

---

[5] Plaintiff has submitted the Affidavit of Tarec Alio, LL.M., an attorney admitted to practice law in Germany, to address points of German law. Dkt. No. 29 ("Musacchio Affidavit") ¶ 19.

[6] The Court notes that Plaintiff suggests that Defendant launched a website in 2011, through which United States consumers can purchase Defendant's products. Alio Aff. ¶ 14(e). Plaintiff does not allege any further facts regarding Defendant's website that would subject it to personal jurisdiction in New York.

Affidavit states that Defendant has never advertised, solicited business, or contracted for any services or goods in New York. Grübel Aff. ¶¶ 15-18. Accordingly, the Court finds that Plaintiff has not established that Defendant is subject to jurisdiction under § 302(a)(1).

   *2. C.P.L.R. § 302(a)(3)(ii)*

Section 302(a)(3)(ii) provides personal jurisdiction over a non-resident who "commits a tortious act without the state causing injury to person or property within the state" where he "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." C.P.L.R. § 302(a)(3)(ii). Jurisdiction under § 302(a)(3)(ii) depends on four elements: "(1) defendant committed a tortious act outside the state, (2) defendant's tortious activity caused injury to a person within the state, (3) defendant should reasonably have expected the act to have consequences in the state, and (4) defendant derives substantial revenue from interstate or international commerce." Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd., 978 F. Supp. 520, 523 (S.D.N.Y. 1997).

It is undisputed that Plaintiff has adequately alleged that Defendant committed a tort outside of New York that caused Plaintiff injury in New York. See Evans v. Planned Parenthood of Broome Cty., Inc., 352 N.Y.S.2d 257, 259 (App. Div. 1974) ("[T]he only . . . requirement is that the defendant was the author of the acts without the State and that the complaint adequately frames a cause of action in tort arising from those acts."). However, the allegations in the Complaint are insufficient to establish that Defendant should have reasonably expected its actions to have consequences in New York.

"The nonresident tortfeasor must expect, or have reason to expect, that his or her tortious activity in another State will have direct consequences in New York." Ingraham v. Carroll, 90

8

N.Y.2d 592, 598 (1997). "The test of whether a defendant expects or should reasonably expect his act to have consequences within the State is an objective rather than a subjective one." Allen v. Auto Specialities Mfg., Co., 357 N.Y.S.2d 547, 550 (App. Div. 1974). "Moreover, the statutory requirement of foreseeability relates to forum consequences generally and not to the specific event which produced the injury within the State." Id. However, "mere foreseeability of in-state consequence and failure to avert that consequence is not sufficient to establish personal jurisdiction under New York's long-arm statute." Cortlandt Racquet Club, 978 F. Supp. at 523. "There must be 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws.'" Martinez v. Am. Standard, 457 N.Y.S.2d 97, 99 (App. Div. 1982) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). This assumes "a discernible effort, by the manufacturer or distributor, to serve, directly or indirectly, a market in the forum state." Darienzo v. Wise Shoe Stores, Inc., 457 N.Y.S.2d 831, 834 (App. Div. 1980).

Plaintiff relies on the circular assertion that "Defendant should have reasonably expected that a design defect in its products sold to a consumer in New York would have direct consequences in New York." Resp. at 11. However, as discussed above, Plaintiff has not alleged any facts suggesting that it was foreseeable to Defendant that its actions would have consequences in New York, much less that Defendant purposefully availed itself of the privilege of conducting activities in New York. Plaintiff's jurisdictional argument rests on its assertion that Defendant sold its products to Heath Graphics, which, in turn, sold those products to New York consumers. Id. This is insufficient under Supreme Court precedent. See Nicastro, 131 S. Ct. at 2788. Additionally, the

9

Grübel Affidavit establishes that Defendant did not have contacts with New York that would make it foreseeable to Defendant that it would be subject to suit in New York.

Plaintiff further argues that the present facts are analogous to LaMarca v. Pak-Mor Manufacturing, Co., 95 N.Y.2d 210 (2000). Resp. at 10. However, as Defendant correctly notes, LaMarca is distinguishable because the defendant non-resident company in that case maintained a New York distributor. 95 N.Y.2d at 213. Furthermore, the invoice listed a New York specific modification for the truck at issue. Id. Therefore, the defendant had a reasonable expectation that it would be subject to suit in New York.

Accordingly, the Court finds that Plaintiff has failed to establish that jurisdiction is proper under § 302(a)(3)(ii).[7]

### 3. *Jurisdictional Discovery*

Plaintiff alternatively requests the opportunity to conduct limited jurisdictional discovery. Resp. at 20. A district court may order jurisdictional discovery even where a plaintiff has not made a *prima facie* showing of jurisdiction. Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft, 31 F. App'x 738, 739 (2d Cir. 2002). However, a plaintiff must at least have "made a sufficient start toward establishing personal jurisdiction." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 70-71 (E.D.N.Y. 2006) (quoting Ubeler v. Boss Media, 363 F. Supp. 2d 499, 506-07 (E.D.N.Y. 2005)).

Here, the Court finds that Plaintiff has demonstrated "that facts supporting personal jurisdiction may exist" and is therefore entitled to limited jurisdictional discovery. PST Servs., Inc. v. Larson, 221 F.R.D. 33, 37 (N.D.N.Y. 2004). Plaintiff has shown that Defendant has relationships with several United States–based distributors. Alio Aff. ¶ 14. Furthermore, Plaintiff suggests

---

[7] The Court does not reach the final element of § 302(a)(3)(ii), whether Defendant derives substantial revenue from interstate or international commerce.

Defendant maintains a website from which consumers in the United States can purchase Defendant's products. Id. ¶ 14(e). While Plaintiff has not yet shown that Defendant has contacts with New York, the Court finds that Plaintiff has made a sufficient start towards showing such contacts may exist.

### B. Service of Process

Defendant additionally requests that the Court dismiss the Complaint because Plaintiff did not serve Defendant until 160 days after filing the Complaint. Mem. at 14-16. Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within 120 days after the complaint is filed, or else the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. In the present case, on May 22, 2015, Plaintiff requested an extension of time to complete service until August 25, 2015. Dkt. No. 13. Plaintiff's request was granted on May 26, 2015. Dkt. No. 14. Plaintiff properly effectuated service on or about July 22, 2015, within the period of Plaintiff's extension. Dkt. No. 29-5. Accordingly, Defendant's Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant Mabeg Systems GmbH's Motion (Dkt. No. 19) to dismiss is **DENIED without prejudice**; and it is further

**ORDERED**, that Plaintiff is given **ninety (90) days** from the date of this Memorandum-Decision and Order to conduct jurisdictional discovery as to Defendant Mabeg; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 31, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge